1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FERNANDO NAJERA, | 2:13-CV-669 JCM (PAL) |
| Plaintiff(s), | |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendant Federal National Mortgage Association's (Fannie Mae) motion to dismiss. (Doc. # 5). *Pro se* plaintiff Fernando Najera responded (doc. # 10), defendant replied (doc. # 9).[1]

. . .
. . .
. . .
. . .
. . .
. . .
. . .

---

[1] Although the court received defendant's reply before plaintiff's opposition, the court overlooks this procedural inconsistency and considers both filings.

**James C. Mahan**
**U.S. District Judge**

I.      **Background Facts**

The facts are not readily ascertainable from *pro se* plaintiff's complaint.[2] However, the court properly relies on judicially noticed documents to ascertain the facts of this matter.[3]

On or about May 20, 2005, plaintiff purchased real property located at 5028 High Creek Driver, North Las Vegas, Nevada 89031 (the "property"). (Doc. # 5, Ex. A). Plaintiff borrowed $182,000 from Lender Security National Mortgage Company to purchase the property. (*Id.*). The loan was secured by a deed of trust against the property. (*See id.*). The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and First Southwestern Title Company as trustee. (*Id.*).

On September 1, 2009, MERS executed a corporation assignment of deed of trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing ("BAC"). (*Id.*, Ex. B). Also on September 1, 2009, BAC executed a substitution of trustee, naming ReconTrust Company, N.A. ("ReconTrust") as trustee. (*Id.*, Ex. C). ReconTrust executed a notice of default and election to sell on September 1, 2009. (*Id.*, Ex. D). On July 26, 2011, ReconTrust recorded a rescission of the notice of default. (*Id.*, Ex. E).

On March 20, 2013, plaintiff filed the instant complaint against defendant. Liberally construing plaintiff's complaint, it appears he is pleading causes of action for (1) intentional misrepresentation, (2) negligent misrepresentation, and (3) quiet title. Plaintiff also filed a lis pendens with the state court which he recorded with the Clark Country recorder. (*Id.*, Ex. F).

. . .

---

[2] Defendant requests that the court take judicial notice of exhibits attached to their motion to dismiss. (Doc. # 5). Pursuant to Fed.R.Evid. 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Therefore, the court judicially notices the attached documents are they are matters of public record. (*See* doc. # 5, Exs. A-F).

[3] Review on a motion pursuant to Fed.R.Civ.P. 12(b)(6) is normally limited to the complaint itself. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed.R.Civ.P. 12(b); *see United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908.

1    **II.    Legal Standards**

2        **A.    Rule 8**

3        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

4    be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

5    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

6    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

7    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

8    of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

9        "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.

10    at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

11    "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

12        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

13    considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

14    in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.

15    Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

16    suffice. *Id.* at 1949.

17        Second, the court must consider whether the factual allegations in the complaint allege a

18    plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint

19    alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the

20    alleged misconduct. *Id.* at 1949.

21        Where the complaint does not permit the court to infer more than the mere possibility of

22    misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*

23    (internal quotations omitted). When the allegations in a complaint have not crossed the line from

24    conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

25        The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

26    1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

27    allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

## B.    Rule 9

Rule 9 provides that for a party to allege fraud, he "must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citation omitted)).

In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme to satisfy the fraud pleadings rule. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

## III.    Discussion

As an initial matter, the court is mindful "to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). The court will view plaintiff's pleadings with the appropriate degree of leniency.[4]

---

[4] However, the court notes that plaintiff's complaint is substantially similar to other foreclosure related complaints that are before this court. *See, e.g.*, *Salinas v. Federal National Mortgage Association et al.*, 2:13-CV-00407-JCM-GWF, doc. # 1, ex. A; *see also Santivanes v. Bank of New York Mellon*, 2:13-CV-299-JCM-GWF, doc. #1, ex. A; *see also Serrano v. Flagstar Bank, FSB*, 2:13-cv-00558-JCM-CWH, doc. # 1, ex. A. In fact, plaintiff's response is substantially identical to plaintiff Salinas' response in case 2:13-CV-00407-JCM-GWF, doc. # 10; plaintiff Santivanes' response in case 2:13-CV-299-JCM-GWF, doc. #7; and plaintiff Serrano's response in case 2:13-cv-00558-JCM-CWH, doc. # 7. Pleadings in the Ninth Circuit must "contain sufficient allegations of underlying facts to give fair notice and

**A.      Intentional & negligent misrepresentation**

To state a claim for intentional misrepresentation, plaintiff must prove: "(1) the defendant made a false representation; (2) with the knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation); (3) and was made with the intention of inducing the party to act or refrain from acting upon the misrepresentation; (4) plaintiff justifiably relied upon the misrepresentation; and (5) plaintiff suffered damage as a result of the reliance." *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1168-69 (D. Nev. 2005). The torts of intentional misrepresentation and negligent misrepresentation are related, the difference being "that a negligent misrepresentation is made without a reasonable basis for believing its truthfulness." *Id*. at 1170.

Here, plaintiff's misrepresentation claims are not pleaded with the requisite particularity under Rule 9(b)'s heightened pleading standard. Although the court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). Specifically, plaintiff fails to provide the time, place, and substance of the alleged misrepresentation. *Vess*, 317 F.3d at 1106. Further, plaintiff does not sufficiently allege justifiable reliance as there are no factual assertions concerning his reliance on the alleged misrepresentations.

Because plaintiff's complaint fails to meet the requisite pleading standard; plaintiff's claims for intentional misrepresentation and negligent misrepresentation are dismissed.

. . .

. . .

. . .

---

to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.

**B.     Quiet title**

Plaintiff appears to assert a claim to quiet title.[5] "A trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 478 (Cal. 1974). "The purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1049-50 (N.D. Cal. 2009). In a quiet title action, the burden of proof rests with the plaintiff to provide good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

Plaintiff has not alleged precisely what adverse interest he is seeking to quiet or that he has repaid his loan. This cause of action fails.

**C.     Expunge Lis Pendens**

Plaintiff recorded a lis pendens against the real property on March 20, 2013. (Doc. # 1, Ex. F). The causes of action against defendant being dismissed, the lis pendens is no longer necessary. The court finds it is appropriate to expunge the lis pendens.

**IV.     Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Federal National Mortgage Association's (Fannie Mae) motion to dismiss (doc. # 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the lis pendens is canceled, released, and expunged.

IT IS FURTHER ORDERED that defendant record a properly certified copy of this order in the real property records of Clark County, Nevada within a reasonable amount of time from the date of this order.

. . .

. . .

. . .

---

[5] Although plaintiff disclaims that he is asserting a claim for quiet title (doc. # 1, ex. A, ¶ 5), his request for relief is for the court to reconvey "said satisfied collateral free of levy and lien" (*id.* at ¶ 6). The court, in an abundance of caution, addresses this claim to the extent it is asserted.

**James C. Mahan**
**U.S. District Judge**

1       IT IS FURTHER ORDERED that the clerk of the court enter judgment consistent with the

2  order and close this case.

3       DATED June 27, 2013.

4

5  _____

   **UNITED STATES DISTRICT JUDGE**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28