# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FERNANDO NAJERA,

       Plaintiff(s),

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

       Defendant(s).

2:13-CV-669 JCM (PAL)

## ORDER

Presently before the court is *pro se* plaintiff Fernando Najera's motion for the court to reconsider its order dismissing his complaint. (Doc. # 16). Defendant Federal National Mortgage Association filed a response in opposition. (Doc. # 17).

**I.    Background**

In his complaint, plaintiff put forward causes of action against defendant for intentional misrepresentation, negligent misrepresentation, and quiet title all revolving around a deed of trust to a mortgaged property inhabited by plaintiff. (Doc. # 1-1). Defendant moved for the court to dismiss all claims against it. (Doc. # 5). After finding that plaintiff failed to state any of his claims with sufficient particularity, the court granted defendant's motion and dismissed the complaint. (Doc. # 13).

With the instant motion, plaintiff argues that the court should reconsider its decision granting the motion to dismiss because, at the time the court granted the motion, plaintiff was attempting to

**James C. Mahan**
**U.S. District Judge**

1   secure counsel and now plaintiff believes he did not have a chance to argue his claim. (Doc. # 16).

2   **II.     Legal Standard**

3   A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation." *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000)).

**III.    Analysis**

Here, plaintiff has not alleged that there is newly discovered of evidence, a change in controlling law, or that this court committed clear error or issued a manifestly unjust ruling. Rather, plaintiff merely disagrees with the court's ruling. Plaintiff provides no basis or additional facts justifying reconsideration of the court's dismissal of his complaint. The purpose of a reconsideration motion is not to allow a party an additional opportunity to present the same unsuccessful arguments, wasting judicial resources and hindering advancement of the litigation, as is the case here. *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for reconsideration (doc. # 16) be, and the same hereby is, DENIED.

DATED February 12, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**